**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| RONALD D. BURSTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12CV00029 LMB |
| ) | |
| DANIEL SMITH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff has filed this action alleging that his constitutional rights were violated under 42 U.S.C. § 1983. Presently pending before the court is the Motion for Summary Judgment filed by Defendant Daniel Smith. (Doc. No. 17). Plaintiff did not file responsive pleadings and the time for doing so has expired. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c).

**I.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden is on the moving party to clearly establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc., 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than

show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Celotex, 477 U.S. at 324. Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993). The nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in his favor to allow a jury to return a verdict for him. Anderson, 477 U.S. at 249.

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Matsushita, 475 U.S. at 587; Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976).

The movant's statement of facts are deemed admitted if not specifically controverted by the party opposing the motion. Local Rule 4.01 (E) provides:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. *All matters set forth in*

> *the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.*

(emphasis added). Even so, where a plaintiff fails to respond to a motion for summary judgment, the court should not treat such a non-response as sufficient to dispose of the motion. Lowry v. Powerscreen USB, Inc., 72 F. Supp.2d 1061, 1064 (E.D. Mo. 1999) (citing Canada v. Union Electric Co., 135 F.3d 1211, 1213 (8th Cir. 1997). "Courts should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." Id. "In so ruling, even on an unopposed motion for summary judgment, the court should review the facts in a light most favorable to the party who would be opposing the motion." Id. This court is not, however, obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996) (quoting White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990)).

**II.     Discussion**

Because plaintiff failed to specifically controvert defendant's statement of facts, the following facts are not disputed.[1] Plaintiff was incarcerated at Southeast Correctional Center ("SECC") in Charleston, Missouri, at all times relevant to this action. Defendant Daniel Smith was a Correctional Officer ("CO") at SECC.

Plaintiff was diagnosed as being HIV positive in 2007. Plaintiff testified that defendant on multiple occasions told other inmates and COs that plaintiff was a "rat" and a "snitch."

---

[1] The facts listed are supported by appropriate citations to the record as required by Local Rule 4.01(E).

Plaintiff also testified that defendant harassed him on a daily basis over a period of months and called plaintiff a "fag" and "gay boy." Plaintiff further testified that defendant repeatedly told other inmates and COs that plaintiff was HIV positive. Plaintiff testified that these actions by defendant led other inmates to call him names such as "snitch" and "rat," but never led to a physical confrontation with other inmates. Plaintiff also testified that he was never subjected to physical attacks or abuse by defendant. Plaintiff claims that he suffered emotional damages due to the verbal abuse and disclosure of his HIV status. Plaintiff was transferred to Northeast Correctional Center ("NECC") in approximately February 2012, and has had no contact with defendant since at least April 2011.

Defendant argues that no genuine dispute exists as to each of plaintiff's claims and that he is entitled to judgment as a matter of law. Plaintiff's claims include Count I alleging violations of his Eighth Amendment and Fourteenth Amendment rights based on defendant calling plaintiff derogatory names in front of other inmates and COs. In Count II, plaintiff alleges violations of his Fourteenth Amendment rights as well as Missouri law for disclosing plaintiff's HIV status to other inmates and COs.

**A.      Count I**

Defendant argues that plaintiff's claims in Count I fail because plaintiff cannot prove a constitutional injury. Specifically, defendant contends that verbal abuse does not violate a constitutional right.

To state a claim under § 1983, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and 2) the

deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978).

"'The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.'" King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991)). The Eighth Circuit has held "that a threat constitutes an actionable constitutional violation only when the threat is so brutal or wantonly cruel as to shock the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers the deprivation of a constitutional right." King, 117 F.3d at 1067 (internal citations omitted). See also McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993).

In this case, plaintiff claims that defendant verbally abused him on multiple occasions by calling him derogatory names in front of other inmates and COs. Plaintiff does not claim that defendant ever threatened him with violence. Further, plaintiff does not allege that the verbal abuse led to any physical altercations with other inmates. The court finds that plaintiff's claims of verbal abuse do not rise to the level required to establish a constitutional violation. Thus, defendant is entitled to summary judgment on Count I.

**B.      Count II**

Defendant contends that plaintiff's claim in Count II, that defendant disclosed his HIV status to other inmates and COs, fails because plaintiff is unable to demonstrate a constitutional violation.

There is no clearly established constitutional right to non-disclosure of HIV status in the Eighth Circuit. Tokar v. Armontrout, 97 F.3d 1078, 1084 (8th Cir. 1996). Thus, plaintiff's Count II fails and defendant is entitled to summary judgment.

**C.     Qualified Immunity**

Defendant argues that he is entitled to qualified immunity on plaintiff's claims because his alleged conduct did not violate plaintiff's clearly established constitutional rights.

Qualified immunity shields public officials "from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." Brown v. City of Golden Valley, 574 F.3d 491, 495 (8th Cir. 2009) (citing Hope v. Pelzer, 536 U.S. 730, 739 (2002)); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Stepnes v. Ritschel, 663 F.3d 952, 960 (8th Cir. 2011)). To overcome a defendant's qualified immunity claim, the plaintiff must show that: "'(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional . . . right; and (2) the right was clearly established at the time of the deprivation.'" Baribeau v. City of Minneapolis, 596 F.3d 465, 474 (8th Cir. 2010) (quoting Howard v. Kansas City Police Dep't, 570 F.3d 984, 988 (8th Cir. 2009)); Stepnes, 663 F.3d at 960.

As discussed above, plaintiff has failed to demonstrate that defendant's conduct violated plaintiff's constitutional rights. Plaintiff has not shown that he was denied his Eighth or Fourteenth Amendment rights. Accordingly, defendant is entitled to qualified immunity on plaintiff's claims.

**D.     State Law Claim**

Plaintiff also asserts a state law claim for violation of the Missouri AIDS Confidentiality Act. District courts "may decline to exercise supplemental jurisdiction over" a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because defendant's Motion for Summary Judgment will be granted, the court declines to exercise supplemental jurisdiction over plaintiff's state law claim, and will dismiss this claim without prejudice. See id.; United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

IT IS HEREBY **ORDERED** that Defendant Daniel Smith's Motion for Summary Judgment (Doc. No. 17) be and it is **granted**. A separate Summary Judgment will be entered on this date.

Dated this 19th day of February, 2014.

LEWIS. M. BLANTON
UNITED STATES MAGISTRATEJUDGE